```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00684-FDW-DCK
```

| | |
|---|---|
| JACQUELINE SPRINGS, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>PIONEER CREDIT RECOVERY, INC. )<br>)<br>    Defendant. )<br>) | ORDER &<br>ENTRY OF JUDGMENT |

THIS MATTER is before the Court after Plaintiff's failure to appropriately respond to the Court's order to show cause filed on March 23, 2015. (Doc. No. 7). For the reasons stated below, the above captioned case is DISMISSED without prejudice.

Plaintiff filed her complaint on December 12, 2014. Even after the Court extended the deadline, Defendant Pioneer Credit Recovery, Inc. failed to timely answer. On February 25, 2015, the Court ordered Plaintiff to show cause within fourteen days as to why she had not moved for entry of default. Further, the Court put Defendant on notice that it was required to appoint counsel, as it is a corporation and thus not permitted to proceed *pro se*. Instead of filing a response to the Court's order, Plaintiff filed an informal letter asking the Court for another extension of time so that the parties could "continue to investigate the matter and possibly resolve the matter" so as to save "the expense of hiring local counsel." (Doc. No. 8).

Several issues arise out of the aforementioned facts. First, Plaintiff's letter or "Notice" to the Court is not a formal motion and an inappropriate response to a Court order to show cause. An order to show cause should be answered with a formal pleading. A letter is not a pleading.

Even if the Court were to construe Plaintiff's letter as a formal pleading and an appropriate response to the order to show cause, it would be considered untimely. According to the Initial Scheduling Order governing this case, entered on the Docket by the Clerk on December 12, 2014, any motion to extend time limitations "shall be filed immediately upon counsel learning of the need for the same and in any event no fewer than three (3) <u>business</u> days in advance of the filing deadline sought to be modified." The accompanying footnote states that "[a]ny motion filed outside this deadline will be considered only upon a showing of excusable neglect in addition to good cause." Plaintiff filed her letter requesting an extension of time on the day on which her deadline to show cause fell – April 6, 2015. Thus, even if her letter were a motion for extension of time, it is untimely and therefore denied.

Even if Plaintiff's letter were a formal pleading AND timely, it would still be denied. Plaintiff's only given reason for an extension of time is to save the expense of appointing local counsel. Such reasoning is unpersuasive. If Plaintiff wishes to save the expenses associated with litigation, then she should rethink her hasty decision to file a lawsuit and thereafter refuse to prosecute case.

For the foregoing reasons, Plaintiff's request for extension of time is DENIED and the above captioned case is DISMISSED WITHOUT PREJUDICE as result of Plaintiff's failure to SHOW CAUSE.

IT IS SO ORDERED.

Signed: April 9, 2015

*Frank D. Whitney* (signature)

Frank D. Whitney
Chief United States District Judge